UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF INDIANA, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:11-cv-557 |
| ASHISH KAMAT, APARNA KAMAT, AND ASHMITA UNNI PRAKASH, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Summary Judgment filed by Plaintiff Safeco Insurance Company. (Doc. No. 20.) After considering the motion, all responses thereto, and the applicable law, the Court finds that the motion must be GRANTED.

### I.   BACKGROUND[1]

This is a declaratory judgment action brought by Plaintiff Safeco Insurance Company of Indiana ("Safeco") against Defendants Ashish Kamat and Aparna Kamat ("the Kamats") and Defendant Ashmita Unni Prakash ("Prakash"). Safeco seeks a declaratory judgment that it has no duty to defend its insureds, the Kamats, against claims asserted against them by Prakash in a state court case brought in the 215th District Court of Harris County, Texas (the "underlying suit"). Safeco also seeks a declaration that it has

---

[1] These undisputed facts are drawn from the record.

no duty to indemnify the Kamats for damages they are liable to pay as a result of a judgment entered in the underlying suit.

The Kamats are named insureds on a number of insurance policies issued by Safeco, including a homeowners policy and a personal umbrella policy (the "Umbrella Policy"). There is no dispute that these policies, between them, provide liability coverage for "bodily injury," "personal injury", and "property damage," as the policies define those terms. The policies bar coverage for damage which is "expected or intended by the insured or which is the foreseeable result of an act or omission intended by the insured." (*See, e.g.*, Insuring Agreement, Doc. No. 21-C at 4.)

On May 5, 2009, Prakash filed the underlying suit against the Kamats. Prakash's amended petition alleges that she was employed as a live-in nanny for the Kamats, and that in that position she was required to work eighteen hours per day for unfairly low wages. (Doc. No. 21-E ¶ 9.) Among Prakash's allegations, she states that the Kamats threatened that if she went outside she would be arrested by the police (*Id.* ¶ 9a). The Kamats also kept Prakash from seeking a doctor when she was sick. (*Id.* ¶ 9e).

In the underlying suit, Prakash sought to recover against the Kamats for intentional infliction of emotional distress, violations of the Fair Labor Standards Act ("FLSA"), and quantum meruit recovery of compensation for her services. (*Id.* ¶¶ 10-21.) Because Safeco thought that its duty to defend the Kamats in this suit was less than certain, it offered a defense subject to a reservation of rights, and allowed the Kamats to select their own counsel. On December 7, 2010, the jury returned its verdict, which found that the Kamats willfully violated FLSA. (Completed Jury Charge, Doc. No. 21-F.) For this violation, the jury found that the Kamats were liable to Prakash for $120,759 in back

wages. The jury also found that the Kamats did not intentionally inflict emotional distress on Prakash, and awarded her nothing for her emotional distress claim. (*Id.*) The trial court entered judgment on May 3, 2011, reflecting the jury's findings and awarding Prakash $106,271 in liquidated damages. (Doc. No. 21-G.)

Safeco filed this lawsuit to obtain a declaration that it owes no duty to defend or indemnify the Kamats. The Kamats are unopposed to the pending Motion for Summary Judgment, and have filed an "Agreed Order" acknowledging that Safeco owes no duty to defend or indemnify them. (Doc. No. 27.) Prakash contends that the Court does not have subject matter jurisdiction to consider this case, and that, alternatively, her damages are covered by the Kamats' insurance policies. The Court considers each party's arguments below.

## II.   LEGAL STANDARDS

### A. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction, and must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss.*, *Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Because federal courts possess an

independent obligation to examine the basis of jurisdiction, *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981), they may do so even in the absence of a motion to dismiss. Indeed, a district court must dismiss an action if it determines "at any time" that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

### B.  Summary Judgment

To grant summary judgment, the Court must find that the pleadings and evidence show that no genuine issue of material fact exists, and therefore the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party moving for summary judgment must demonstrate the absence of any genuine issue of material fact; however, the party need not negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1997). If the moving party meets this burden, the nonmoving party must then go beyond the pleadings to find specific facts showing there is a genuine issue for trial. *Id.* "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations and footnote omitted).

Factual controversies should be resolved in favor of the nonmoving party. *Liquid Air Corp.*, 37 F.3d at 1075. However, "summary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Id.* at 1076 (internal quotations omitted). Importantly, "[t]he nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence." *Diaz*

*v. Superior Energy Services, LLC*, 341 F. App'x. 26, 28 (5th Cir. 2009) (citation omitted). The Court should not, in the absence of proof, assume that the nonmoving party could or would provide the necessary facts. *Liquid Air Corp.*, 37 F.3d at 1075.

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

Whether the Court has jurisdiction under 28 U.S.C. § 1332 turns on whether the amount in controversy in this case exceeds $75,000.[2] "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation," meaning "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). "[W]hen a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Because this is a declaratory judgment action, the Court looks to the underlying suit to determine the value of the declaratory relief sought. *See, e.g.*, *Weaver v. Zurich Am. Ins. Co.*, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010) (citing *Monticello Ins. Co. v. Patriot Sec., Inc.*, 926 F. Supp. 97, 99 (E.D. Tex. 1996)). The jury in the underlying suit awarded Prakash approximately $120,000. This award includes $11,051 for work performed from May 5, 2007 to January 31, 2008; $14,488 for work performed from May 5, 2006 to May 5, 2007; and $95,220 for work performed from January 1, 2001 to May 5, 2007. Prakash urges that Safeco's liability is "confined largely to wages

---

[2] There is no dispute that the diversity requirement is met in this case.

and to liquidated damages which Prakash . . . earned after January 3, 2007," the date on which the Kamats' coverage through Safeco began. (Doc. No. 22 at 5.) Prakash estimates that her wages and liquidated damages attributable to work performed after January 3, 2007 amount to roughly $30,000. This amount, she notes, fails to meet the amount in controversy requirement.

While Prakash's estimation of the amount of wages attributable to work during the coverage period may be correct, her emphasis on this amount is irrelevant in light of the position taken in her First Amended Answer that Safeco may be liable not only for the portion of the judgment that falls within the policy period, but for the entire judgment. (Doc. No. 26 at 6.) Specifically, Prakash asserted that Safeco "may be liable for all of Prakash's damages under a theory about continuing violations of the FLSA." (*Id.*) While this argument has not been briefed, the Court assumes that Prakash asserted it in good faith, and that she intends to recover all of her damages from Safeo. In light of Prakash's position that the Safeco may be liable for the entire judgment, an amount more than $75,000, the Court concludes that the amount in controversy requirement is met, and that the Court has subject matter jurisdiction.

### B.  Whether Prakash's Damages are Covered

Prakash asserts that, if the Court does have jurisdiction, Prakash's damages are covered under the Safeco Umbrella Policy. She bases this argument on language in the insurance policies providing coverage for "humiliation." Specifically, the policies provide for coverage of "personal injury," which is defined as including "false arrest, detention or imprisonment, or malicious prosecution or humiliation." (*See, e.g.*, Insuring Agreement, Doc. No. 21-C at 1-2.) Though Prakash did not bring a claim for "malicious

6

prosecution or humiliation," she urges that the jury's interpretation of the Kamats' behavior in the underlying suit demonstrates that the Kamats did, in fact, "humiliate" Prakash. Prakash points to the jury's finding that the following description applies to the Kamats' treatment of Prakash:

1. Defendants [the Kamats] by words or conduct made a false representation or concealed material facts, with knowledge of the facts or information that would lead a reasonable person to discover the facts, and with the intention that Plaintiff [Prakash] would rely on the false representation or concealment in acting or deciding not to assert her wage rights, and,
2. Plaintiff [Prakash] did not know and had no reasonable means of knowing the real facts and relied to her detriment on the false representation or concealment of material facts in acting or deciding not to assert her wage rights.

(Doc. No. 21-E.)[3] Prakash asks this Court to hold that the above behavior "humiliated" Prakash by degrading her and wrongfully depriving her of her fundamental wage rights. (Doc. No. 22 at 9.) Under such a reading of the jury verdict, Prakash urges, the Kamats' acts are covered by the Umbrella Policy.

Although the Court understands Prakash's desire to recover a judgment to which she is entitled, the Court simply cannot agree with Prakash's reading of the jury verdict or her attempt to square the jury's conclusions with the language in the Umbrella Policy. The jury patently did not award damages for "humiliation," as Prakash did not assert such a claim. On the claim that mostly closely could be analogized to "humiliation," Prakash's mental anguish claim, the jury's verdict went against her. (Doc. No. 21-3 at 237.) Because the Court rejects Prakash's argument, and her only basis for asserting that her

---

[3] The jury affirmed these statements in responding to the question of whether equitable estoppel prevented the application of the statute of limitations to Prakash's FLSA claims; the jury concluded that it did. (Doc. No. 21-E.)

judgment is covered by the Safeco insurance policies, it does not need to consider whether the policy exclusions apply in this case.

## IV.   CONCLUSION

For the foregoing reasons, Safeco's Motion for Summary Judgment must be **GRANTED**. The Court therefore issues the following judgment:

- The Court hereby **ORDERS** and **DECLARES** that Safeco owes no duty to indemnify the Kamats with regard to the judgment rendered against them in the underlying suit;

- The Court also **ORDERS** and **DECLARES** that Safeco owes no duty to defend or reimburse the Kamats for defense costs incurred in the appeals of the underlying suit.

**IT IS SO ORDERED**.

**SIGNED** this the 10th day of February, 2012

*[signature]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE